DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-appellant, Matthew L. Ayers, appeals the March 1, 2007 judgment entry of the Williams County Court of Common Pleas which, following a trial to the court, found appellant guilty of one count of trafficking in marijuana, in violation of R.C. 2925.03(A)(1)(C)(3)(b). For the reasons that follow, we affirm the trial court's decision. *Page 2 
 {¶ 2} On October 18, 2006, appellant was indicted on one count of trafficking in marijuana, in an amount of less than 200 grams, in the vicinity of juvenile. The charge included a specification that, at the time of the offense, appellant was operating a 1997 Ford Mustang Cobra which, pursuant to R.C. 2925.42(A)(1)(a)(b), was subject to seizure and forfeiture. Appellant entered a not guilty plea.
 {¶ 3} On December 14, 2006, the case proceeded to a trial to the court; the following evidence was presented. Deputy Todd Pingle testified that he is employed by the Putman County Sheriffs Office and assigned to the Multi-Area Narcotics ("MAN") Task Force as the "evidence officer." Deputy Pingle testified that he received a bag of suspected marijuana and an audiotape of the alleged drug transaction. Pingle testified regarding his handling and the chain of custody of the items. Deputy Pingle further testified regarding the BCI laboratory testing of the substance which was determined to be 25.96 grams of marijuana.
 {¶ 4} During cross-examination, Deputy Pingle acknowledged that he was not present when Deputy Ruskey placed the marijuana in the task force office lock box. Pingle also admitted that there is no written record of when the audiotape goes in and out of the evidence room.
 {¶ 5} Deputy Greg Ruskey testified that he is employed by the Williams County Sheriffs Office and is assigned to the MAN Task Force. Deputy Ruskey testified that with regard to appellant they used a confidential informant to facilitate the marijuana purchase. Deputy Ruskey stated that on July 28, 2006, the confidential informant, *Page 3 
identified as Dennis Miller, paged him. Ruskey telephoned him and Miller explained that he had received a telephone call from Richard Berry, an individual from whom Miller had completed controlled drug buys. According to Deputy Ruskey, Berry had arranged it so Miller could buy directly from appellant, Berry's supplier.
 {¶ 6} Deputy Ruskey testified that he arranged a time and location to meet Miller; they met and Miller and his vehicle were searched for drugs, weapons, or any type of contraband. Miller was given $180 in confidential funds to purchase one ounce of marijuana; a recording device was also placed on Miller.
 {¶ 7} The parties then proceeded to Richard Berry's house. Deputy Ruskey testified that he parked about one block from the residence while Miller pulled into the driveway. Ruskey testified that he observed appellant's vehicle in the driveway.
 {¶ 8} Deputy Ruskey then began to describe whom he heard speaking through the recording device. Appellant's counsel objected to the narration; the court allowed the testimony indicating that the court, as the trier of fact, could "sort that out" when it listened to the audiotape. Deputy Ruskey then testified that he heard Miller speaking with Berry and some other people in the residence. According to Ruskey, Miller was then introduced to appellant and the transaction took place.
 {¶ 9} Deputy Ruskey further testified that he could hear children talking in the background and that he could hear the adults yelling at them. Deputy Ruskey stated that he was not able to see anyone leave the Berry home but he was able to identify appellant as he drove past. Deputy Ruskey testified that he had prior knowledge of appellant's *Page 4 
identity because he had recently conducted surveillance of appellant's home due to complaints about heavy drug activity.
 {¶ 10} Following the alleged drug transaction, Deputy Ruskey and Miller met and Miller gave Ruskey the marijuana. Miller was also debriefed regarding the transaction. Deputy Ruskey then testified regarding the chain of custody of the marijuana. Ruskey also testified that based on his recollection of the transaction, the audiotape was a true and accurate representation of the conversation that took place at Berry's home.
 {¶ 11} Deputy Ruskey further testified that with regard to appellant's vehicle, Miller read the license plate number over the wire. Ruskey ran the plate and found that it was registered in appellant's name. Deputy Ruskey also conducted a title check; there were no liens on the vehicle.
 {¶ 12} The audiotape of the July 28, 2006 transaction was played for the court. Deputy Ruskey then testified that following the indictment, appellant gave a written statement after being Mirandized. Appellant generally admitted to selling small quantities marijuana to friends once or twice a month. Appellant did not admit to selling marijuana to Miller on the date in question.
 {¶ 13} During cross-examination, Deputy Ruskey admitted that he did not see appellant bring the marijuana into Berry's home. Ruskey also admitted that he did not know what happened to the money after the transaction. Deputy Ruskey explained that the informant cooperated because he had a pending possession of marijuana charge and a drug paraphernalia charge. Regarding the audiotape, Deputy Ruskey testified that he *Page 5 
could identify Miller's voice because it was very unique; he also knew Berry's voice based upon prior drug transactions.
 {¶ 14} Deputy Ruskey testified that during the search incident to appellant's arrest, Ruskey found no drugs on appellant's person or in his home. Deputy Ruskey testified that appellant was cooperative.
 {¶ 15} Lieutenant J. R. Jones, West Unity Police Department, testified next. Lt. Jones testified that he was with Deputy Ruskey during the alleged drug transaction.
 {¶ 16} Confidential informant, Dennis Miller, testified that in May or June 2006, Deputy Ruskey contacted him about making some marijuana purchases. Miller testified that he made four purchases from Richard Berry. Miller testified that on July 28, 2006, he called Berry and asked about purchasing some marijuana; Berry indicated that he did not have it and that he would call someone else. Miller testified that approximately 15 minutes later he called Berry back; Berry indicated that a third party would meet Miller at Berry's home. Miller then telephoned Deputy Ruskey and they arranged to meet.
 {¶ 17} Miller testified that there were two children at Berry's home; he stated that they were approximately five or six years old. Miller stated that appellant showed him what he had; Miller asked how much and appellant told him. Miller then gave appellant the money and appellant gave him the marijuana. Miller stated that appellant was already in Berry's home when he arrived and that Miller did not know what appellant did with the money. *Page 6 
 {¶ 18} Appellant presented the testimony of his mother, Teresa Ayers. Ayers testified that on November 17, 2005, after she and her husband paid off appellant's car loan, they executed a promissory note with appellant to secure repayment of the loan.
 {¶ 19} At the conclusion of the testimony, the trial court found appellant guilty of trafficking in marijuana in the vicinity of a juvenile. The court deferred judgment regarding forfeiture of the vehicle and requested the parties to submit written memoranda of law on the issue. On February 21, 2007, a hearing on the forfeiture petition was held. At the hearing, the parties stipulated to the facts adduced at trial. Ordering forfeiture of appellant's vehicle, the trial court found that the vehicle was used to commit or facilitate the commission of a crime; the court further found that forfeiture was not an excessive fine. Thereafter, on March 1, 2007, appellant was sentenced to three years of community control, forfeiture of his vehicle, a six-month driver's license suspension, and various fines. This appeal followed.
 {¶ 20} Appellant now raises the following three assignments of error:
 {¶ 21} "I. The testimony of a confidential informant whose motive for testifying was to avoid prosecution was insufficient as a matter of law to prove the element `sell' under O.R.C. Section 2925.03
 {¶ 22} "II. The conviction is against the manifest weight of the evidence when the testimony regarding the age of the juveniles alleged to be present was stated without any foundation and the only evidence of a sale was presented by a biased witness. *Page 7 
 {¶ 23} "III. The trial court's order of forfeiture of the vehicle in this case was an abuse of discretion as the State failed to provide clear and convincing evidence of the connection between the illegal activity and the vehicle in this case."
 {¶ 24} In appellant's first assignment of error, he contends that the informant's testimony was insufficient as a matter of law to prove the "sell" element under R.C. 2925.03. In determining whether a verdict is supported by sufficient evidence "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 25} R.C. 2925.03 provides, in relevant part:
 {¶ 26} "A) No person shall knowingly do any of the following:
 {¶ 27} "(1) Sell or offer to sell a controlled substance;
 {¶ 28} "* * *.
 {¶ 29} "(C) Whoever violates division (A) of this section is guilty of one of the following:
 {¶ 30} "3) If the drug involved in the violation is marihuana or a compound, mixture, preparation, or substance containing marihuana other than hashish, whoever violates division (A) of this section is guilty of trafficking in marihuana. The penalty for the offense shall be determined as follows:
 {¶ 31} "* * *. *Page 8 
 {¶ 32} "(b) Except as otherwise provided in division (C)(3)(c), (d), (e), (f), or (g) of this section, if the offense was committed in the vicinity of a school or in the vicinity of a juvenile, trafficking in marihuana is a felony of the fourth degree, and division (C) of section2929.13 of the Revised Code applies in determining whether to impose a prison term on the offender."
 {¶ 33} Appellant argues that the confidential informant's testimony was unreliable based on his motives for testifying. The state submits that Miller and the audiotape both demonstrated that there were only three adult males in the house at the time. Deputy Ruskey testified that he was familiar with Miller's and Berry's voices and thus, by process of elimination, the third voice belonged to appellant. This court has carefully reviewed the trial testimony including the audiocassette that was admitted into evidence. We find that a rational trier of fact could conclude that the only other adult male voice belonged to appellant. Accordingly, sufficient evidence was presented to support the trial court's finding that appellant did "sell" Miller marijuana on July 28, 2006. Appellant's first assignment of error is not well-taken.
 {¶ 34} In appellant's second assignment of error he argues that his conviction was against the manifest weight of the evidence because there was no foundation to establish that juveniles were, in fact, present and that the informant's testimony lacked credibility. In determining whether a verdict is against the manifest weight of the evidence, the appellate court sits as the "thirteenth juror" and "`weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving *Page 9 
conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" State v. Thompkins,78 Ohio St.3d 380, 387, 1997-Ohio-52, quoting State v. Martin (1983),20 Ohio App.3d 172, 175. The rule of law in Thompkins applies equally to a matter tried before the bench or a jury. State v. Fisher, 6th Dist. No. L-02-1041, 2002-Ohio-7305, ¶ 7.
 {¶ 35} Appellant argues that the only testimony presented regarding the marijuana sale was by the informant who had a motive to lie. Appellant further asserts that the only reasonable inference in this case was that the transaction occurred between Miller and Berry, not appellant. We disagree. Deputy Ruskey testified that he knew Miller's and Berry's voices and that the third male was appellant. Further, from listening to the audiotape, it is clear that there were juveniles in the home. Based on the foregoing, we cannot say that the trial court, acting as the factfinder, lost its way and created a manifest miscarriage of justice. Appellant's second assignment of error is not well-taken.
 {¶ 36} In appellant's third and final assignment of error, he argues that the trial court abused its discretion when it ordered the forfeiture of his vehicle. Appellant contends that there was no evidence presented to link the vehicle to the sale of the marijuana.
 {¶ 37} As noted by appellant, a trial court has discretion in determining whether to order forfeiture. R.C. 2925.42(A)(1)(b) provides: *Page 10 
 {¶ 38} "In accordance with division (B) of this section, a person who is convicted of or pleads guilty to a felony drug abuse offense * * * loses any right to the possession of property and forfeits to the state any right, title, and interest the person may have in that property if either of the following applies:
 {¶ 39} "* * *.
 {¶ 40} "(b) The property was used or intended to be used in any manner to commit, or to facilitate the commission of, the felony drug abuse offense or act."
 {¶ 41} The state must prove by a preponderance of the evidence that the property is subject to forfeiture. R.C. 2925.42(B)(3)(a). When reviewing a judgment based on a preponderance of the evidence, an appellate court will not reverse the judgment if there is "some competent, credible evidence going to all the essential elements of the case." CE. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279,280.
 {¶ 42} Upon review of the facts presented at trial and the applicable law, we find that the state provided competent, credible evidence to demonstrate that appellant's vehicle was used to facilitate trafficking in marijuana. The evidence established that appellant's vehicle was parked in Berry's driveway when the police and the informant arrived. The informant read appellant's license plate number into the recording device; the license plate number was run and the vehicle was registered in appellant's name. After the transaction, appellant left the Berry residence in the vehicle. Accordingly, appellant's third assignment of error is not well-taken. *Page 11 
 {¶ 43} On consideration whereof, we find that appellant was not prevented or prejudiced from having a fair trial and the judgment of the Williams County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerks' expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Williams County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski P.J., William J. Skow, J., Thomas J. Osowik, J. CONCUR. *Page 1